T.C. Memo. 2003-160

UNITED STATES TAX COURT

ETTA JANE LINTON, a.k.a. ELLA JANE LINTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7147-02.                    Filed June 2, 2003.

Etta Jane Linton, pro se.

<u>Dennis R. Onnen</u> and <u>James E. Cannon</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 2000 Federal income tax of $4,037.[1]  The issues for
decision are:  (1) Whether petitioner is entitled to head of

---

[1]This deficiency is subject to a prepayment credit
adjustment of $3,210.96.

household filing status under section 2(b);[2] (2) whether petitioner is entitled to claim dependency exemptions under section 151(c) for her two sons; and (3) whether petitioner is entitled to an earned income credit under section 32(a).

FINDINGS OF FACT

Some of the facts have been stipulated. We incorporate the stipulated facts and accompanying exhibits into our findings by this reference. Petitioner resided in Albuquerque, New Mexico, at the time of filing the petition.

Petitioner has two sons, Frankie L. Linton (Frankie) and Avery L. Linton (Avery). During the taxable year at issue, Frankie and Avery resided with foster parents.[3] Frankie and Avery visited with petitioner approximately two times a week but did not stay overnight at petitioner's home. Petitioner paid for meals during Frankie and Avery's visits but did not routinely pay for their groceries.

On her Form 1040A, U.S. Individual Income Tax Return, petitioner claimed head of household filing status and claimed dependency exemptions for Frankie and Avery. Petitioner also claimed an earned income credit and attached Schedule EIC, Earned

---

[2]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]The State of New Mexico Children, Youth and Families Department had legal custody of Frankie and Avery at this time.

Income Credit (Qualifying Child Information), listing Frankie and Avery as qualifying children.

On January 25, 2002, respondent mailed to petitioner a notice of deficiency. In the notice of deficiency, respondent disallowed the claimed dependency exemptions for Frankie and Avery and the claimed earned income tax credit. Additionally, respondent determined that petitioner's filing status was single.

On April 10, 2002, petitioner filed a timely petition contesting respondent's determinations.[4] This proceeding followed.

## OPINION

Respondent contends that petitioner is not entitled to claim head of household filing status or the earned income credit because Frankie and Avery resided in a foster home throughout the year at issue. Respondent also contends that petitioner did not provide more than one-half of Frankie and Avery's support and, therefore, is not entitled to claim dependency exemptions for Frankie and Avery.

Respondent's determinations are presumed correct, and

---

[4]Although respondent's notice of deficiency dealt solely with petitioner's income tax liabilities for the taxable year 2000, petitioner disputed her income tax liabilities for 1998, 1999, and 2000. On June 14, 2002, respondent filed a Motion to Dismiss for Lack of Jurisdiction and To Strike as to Taxable Years 1998 and 1999. This Court granted respondent's motion by order dated Sept. 5, 2002, dismissing the case as to the taxable years 1998 and 1999 and striking references to those years from the petition.

petitioner bears the burden of proof.[5]  Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Moreover, deductions and tax credits are a matter of legislative grace, and petitioner must clearly demonstrate her entitlement to the claimed deductions and tax credit.  <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Segel v. Commissioner</u>, 89 T.C. 816, 842 (1987).

## I.   Head of Household Filing Status

Section 2(b) contains the requirements for head of household filing status.  Section 2(b)(1)(A)(i) provides that if a taxpayer is unmarried at the end of the taxable year, is not a surviving spouse, and maintains[6] as the taxpayer's home a household that constitutes for more than one-half of the taxable year the principal place of abode of the taxpayer's child, the taxpayer may then claim head of household filing status.

Although petitioner was not married and was not a surviving spouse at the end of the taxable year at issue, petitioner did not maintain a household that constituted Frankie's or Avery's principal place of abode for more than one-half of the taxable year.  In fact, during the entire year, Frankie and Avery resided

---

[5]Petitioner has not satisfied the requirements of sec. 7491(a), and, consequently, sec. 7491(a) does not shift the burden of proof to respondent.

[6]According to sec. 2(b)(1), a taxpayer "maintains" the household if the taxpayer contributes over half of the household maintenance costs.

in the home of their foster parents. Accordingly, we conclude that petitioner is not entitled to head of household filing status.

## II. Dependency Exemptions

A taxpayer may claim exemptions for individuals who qualify as the taxpayer's dependents. Sec. 151(a), (c)(1). Section 152(a)(1) includes a taxpayer's children as dependents if the taxpayer provided over half of their support during the calender year.

Petitioner testified at trial that she occasionally bought food, clothes, school supplies, and toys for Frankie and Avery. Petitioner did not introduce any documentary evidence in support of her testimony. Even assuming that petitioner's unsubstantiated testimony correctly accounts for her contributions toward Frankie and Avery's support, petitioner clearly did not provide over half of their support as required by section 152(a). We therefore sustain respondent's determination that petitioner is not entitled to claim dependency exemptions for her two sons.

## III. Earned Income Credit

Section 32(a)(1) provides an income tax credit, subject to limitation by section 32(a)(2), for taxpayers who satisfy certain eligibility requirements. Pursuant to section 32(c)(1)(A)(i), a taxpayer is eligible for the earned income credit if the taxpayer

has a "qualifying child". A "qualifying child" includes a taxpayer's son or daughter who shares the taxpayer's principal place of abode for more than one-half of the taxable year and who meets certain age requirements. Sec. 32(c)(3)(A) and (B)(i)(I).

Frankie and Avery did not share petitioner's principal place of abode at any time during the taxable year and, as a result, are not qualifying children for purposes of section 32(c)(1)(A)(i). Accordingly, we conclude that because petitioner has no qualifying children and is not otherwise eligible for the earned income credit,[7] petitioner is not entitled to claim an earned income credit.

We have considered the remaining arguments of both parties for results contrary to those expressed herein and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered
for respondent.

---

[7]A taxpayer without a qualifying child may be eligible for the earned income credit pursuant to sec. 32(c)(1)(A)(ii). Though petitioner satisfies the three requirements of sec. 32(c)(1)(A)(ii), petitioner's adjusted gross income is too high for purposes of claiming an earned income credit in the absence of two or more qualifying children. See sec. 32(a)(2) and (b).